UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT CAMPBELL,

        Plaintiff,

v.

WONDERLAND MUSIC COMPANY,

        Defendant.
_____/

CIVIL ACTION NO. 05-72292

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

I recommend that the Complaint be dismissed, subject to the right of Plaintiff to file an Amended Complaint containing allegations sufficient to overcome the bar of the applicable statute of limitations.

**II.   REPORT**:

    **A.   Procedural History**

Plaintiff's pro se Complaint was filed on June 30, 2005. An Order of Reference for All Pretrial Proceedings was issued to the undersigned magistrate judge on December 15, 2005. Defendant filed an Appearance by counsel on March 24, 2006. On March 29, 2006, Defendant filed its Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction Under Rule 12(b). An Order Requiring Plaintiff to File a Response to the Motion was entered on April 4, 2006. Plaintiff's Response was filed on April 17, 2006. On April 24, 2006, Defendant filed a Reply Brief, to which Plaintiff filed a Response on May 8, 2006.

### B.     Applicable Law and Standard of Review

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it. Fed.R.Civ.P. 12(h)(3) provides that the courts' lack of subject matter jurisdiction may be asserted at any time by any interested party. The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction. "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on summary judgment motion or by the fact finder at the trial." Wright and Miller, Federal Practice and Procedure: Civil 3rd §1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. In assessing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Allard v. Weitzman, (In Re: DeLorean Motor Co.) 991 F.2d 1236, 1239-40 (6th Cir. 1993). (Citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 476 (6th Cir.), cert. denied, 498 U.S. 867 (1990)); see also, Conley v. Gibson, 355 U.S. 41 (1957). "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Although the standard is liberal, it requires more that the bare assertion of legal conclusions. In Re: Delorean Motor Co., 991 F.2d at 1240; Scheid v. Fanny Farmer Candy

2

Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  The Complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985)).

### C.    Factual Summary

Plaintiff's Complaint alleges that, in the summer of 1996, he paid $75,086.28 to Defendant in partial payment for certain equipment intended for use in his music recording business.  The total cost of the equipment was to be $90,000.00.  In late 1996, Plaintiff informed Defendant that he would be unable to pay for the equipment, and he requested the return of the monies already paid.  In addition to his own efforts to secure the return of the monies paid, Defendant appointed two attorneys in fact, Wendy Mason and Robert Campbell, to continue the effort on his behalf.  The Complaint further alleges that Plaintiff filed several state court actions, but was never able to complete Service of Process upon Defendant.  The Complaint in this action was filed on June 30, 2005, and seeks return of the $75,086 allegedly paid to Defendant, as well as additional damages in the total amount of $2,000,000.00.

### D.    Analysis

Lack of jurisdiction over the subject matter is specifically listed in the Federal Rules of Civil Procedure as a defense which "may at the option of the pleader be made by motion." Fed.R.Civ.P. 12(b)(1).  28 U.S.C. §1332 confers original jurisdiction upon the district court's in all civil actions where the matter in controversy exceeds $75,000.00 and the action is

between citizens of different states.  Defendant does not challenge the parties' diversity of citizenship, but contends that the amount in controversy in this case fails to meet the $75,000.00 minimum.  It is the general rule that the amount claimed by a plaintiff in good faith controls jurisdiction, unless it appears to a legal certainty that the claim is for less than the minimum amount.  Sellers v. O'Connell, 701 F.2d 575 (6th Cir. 1983).  The amount claimed in good faith controls jurisdiction, unless that amount is merely colorable and beyond any reasonable expectation of recovery.  Tullos v. Corley, 337 F.2d 884, 887-88 (6th Cir. 1964).  In this case, Defendant argues that Plaintiff has failed to plead an amount in controversy exceeding the $75,000.00 minimum required under 28 U.S.C. §1332(a).  In support of that assertion, Defendant observes that a receipt tendered by the Plaintiff reflects payments far below the amount alleged in the Complaint.  In addition, Defendant offers copies of four dishonored money orders received from Plaintiff in connection with the transactions at issue.  Finally, Defendant observes that Plaintiff has been unable to provide documents supporting his claim of payments in a sum exceeding $75,000.00.

      The factual materials submitted by Defendant are troublesome, to say the least.  Nonetheless, this Court is not deprived of jurisdiction unless it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount.  Scottish Union and National Insurance Co. v. Bejcy, 201 F.2d 163 (6th Cir. 1953).  Plaintiff has alleged payments of $75,068.00, as well as certain other elements of consequential damage.  Setting aside the consequential damage claims, Plaintiff properly invokes this Court's diversity jurisdiction if his $75,068.00 damage claim is made in good faith, unless it can be shown to a legal certainty that his claim is actually less than the jurisdictional amount.  Defendant admits that all of the pertinent records have not been assembled.  While Plaintiff may be presently

unable to provide documentary evidence of payments in the amount claimed, his Complaint should not be dismissed on jurisdictional grounds at this point.  Rather, the parties should be permitted to pursue discovery in an effort to development evidence and to explore the good faith basis for the damage claims.  A district court retains jurisdiction where the original amount claimed to be in controversy exceeds the statutory minimum, and allegations as to such amount were made in good faith, even where, by the time of trial, a plaintiff seeks a lesser recovery.  Lewis v. Cook, 409 F.2d 619 (6th Cir. 1969).

When the existence of a claim meeting the jurisdictional amount is disputed, the plaintiff bears the burden of proof.  Cellars v. O'Connell, 701 F.2d at 578.  Where a decision on the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the issue should await a merits determination by the Court on a summary judgment motion, or by the fact finder at trial.  Wright & Miller, Federal Practice and Procedure, Civil 3d §1350.  It may well be that Plaintiff will ultimately fail to demonstrate that his damage claim was more than merely colorable.  He should, however, be given a reasonable opportunity to make the requisite showing.  Accordingly, I recommend that Defendant's Motion to Dismiss be denied, without prejudice, on the jurisdictional claim.

Although the affirmative defense of statute of limitations is not specifically listed in Fed.R.Civ.P. 12, it has long been held to be the proper subject of a Motion to Dismiss where the allegations of the Complaint demonstrate that the statute has run.  Rauch v. Day and Night Manufacturing Corp., 576 F.2d 697, 708 (6th Cir. 1978); Berry v. Chrysler Corp., 150 F.2d 1002 (1945).  A statute of limitations defense is properly asserted under Fed.R.Civ.P.

12(b)(6) as a failure to state a claim upon which relief can be granted.[1]  If matters outside the pleadings are presented to the court in a motion under that subsection, and they are not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Fed.R.Civ.P. 56.  Under such circumstances, all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  Fed.R.Civ.P. 12(b).

In diversity cases, the law of the state in which a federal court sits must be followed with respect to the statute of limitations.  Guarantee Trust Co. v. York, 326 U.S. 99 (1945); Adkins v. Schmutz Manufacturing Co., 372 F.2d 762 (6th Cir. 1967).  Accordingly, the applicable Michigan statute of limitations must be applied in this action.  Under Michigan law, a statute of limitations inquiry focuses on the nature and origin of the claim.  Garden City Osteopathic Hospital v. HBE Corp., 55 F.3d 1126 (6th Cir. 1995).  Defendant, in its Motion to Dismiss, asserts that Plaintiff's claim in this case is derived from a contract for the sale of musical equipment, and contends that the applicable statute of limitations is found in Article II of the Uniform Commercial Code, as adopted by the Michigan legislature in 1964, at M.C.L. §440.2725.  That section establishes a four year period of limitation for breach of a contract of which the predominant character is the sale of goods.  M.C.L. §440.2725(1).[2]

In his Response to Defendant's Motion to Dismiss, Plaintiff maintains that the Statute

---

[1] At least one district court in our circuit has held that Rule 12(b)(1) is the appropriate vehicle for a statute of limitations challenge.  See Living Care Alternatives of Utica, Inc. v. United States, 312 F.Supp. 2d 929 (S.D. OH 2004).

[2] "Goods" is defined at M.C.L. §440.2105(1) as "all things . . . which are movable at the time of identification to the contract for sale . . .."

of Limitations applicable to his Complaint is six years, as established by M.C.L. 600.5807(8) for general actions based upon alleged breach of contract. Determination of the correct statute may require further factual inquiry as to the nature of the equipment involved. For purposes of resolving the instant Motion, however, the Court need not determine which party is correct, since both statutory periods have been exceeded.

Plaintiff's Complaint states that he repudiated the contract and demanded the return of his payments, in "late 1996." Under the Defendant's theory, he was required to commence an action based upon the contract by late 2000. Under Plaintiff's theory, the action would be timely if filed by late 2002. The Complaint in this case, however, was not filed until June 30, 2005. Absent the assertion of some matter in avoidance of the Statute of Limitations, Plaintiff's Complaint contains a built-in defense, and is vulnerable under Rule 12(b)(6) to a Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted. Wright and Miller, Federal Practice and Procedure: Civil 3rd §1226.

In Plaintiff's Response to Defendant's Motion to Dismiss, he asserts that Defendant informed Wendy Mason, then Plaintiff's attorney in fact, "that it would be returning the $75,086.00." He further asserts that, in mid 2004, Defendant informed Plaintiff himself that "it still possessed Plaintiff (sic) money and that it would repay Plaintiff . . .." Plaintiff's Response does not reveal the form in which such representations were allegedly made. M.C.L. §600.5866 governs the tolling of Statutes of Limitation, and provides that ". . . [n]o acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is

contained in some writing signed by the party to be charged in the action."[3]  Plaintiff's Response suggests that the requirements of the tolling statute may have been met.  He states that Defendant failed to return his money, and "the appropriate Complaint was filed, assomuch (sic), Defendant submitted a written sign (sic) letter dated Aug. 2004 stated (sic) it would return payments."  If the August 2004 writing meets the requirements imposed by M.C.L. 600.5866, and can be offered as evidence in this case, Plaintiff may be able to avoid the operation of the Statute of Limitations.[4]  As presently formulated, however, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

A pro se litigant's pleadings are to be construed liberally, Middleton v. McGinnis, 860 F.Supp. 391, 392 (E.D. MI 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys.  Haines v. Curner, 404 U.S. 519, 520 (1972).  Even pro se Complaints, however, must allege facts sufficient to show that a legal wrong has been committed from which the Plaintiff may be granted relief.  Dekoven v. Bell, 140 F.Supp. 2nd 748, 755 (E.D. MI 2001).  Despite the liberal pleading standard, this Court should find that Plaintiff's Complaint is subject to dismissal, without prejudice, for failure to state a claim upon which relief may be granted.

---

[3] These tolling provisions would apply even if the Court were to agree with Defendant that the Uniform Commercial Code Statute of Limitations applies.  M.C.L. 440.2725(4) provides that: "[t]his section does not alter the law on tolling of the Statute of Limitations . . .."

[4] In a Plaintiff's Response to Defendant's Reply Brief, Campbell alleges that Defendant fraudulently concealed his cause of action.  That assertion is manifestly unfounded, since Plaintiff has been actively seeking the return of his purchase money payments since 2004.

Fed.R.Civ.P. 15(a) provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, thereafter, upon leave of court. Leave should be granted freely when justice so requires. Denial of an amendment to a pro se complaint would be error in the absence of some significant showing of prejudice to the opponent. Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986). Accordingly, I recommend that Plaintiff be afforded a reasonable opportunity to submit an Amended Complaint containing specific allegations regarding the contents of the August 2004 letter signed by Defendant and delivered to Plaintiff. A copy of the letter should be attached to the Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed for objections to this report, or such other period as may be set by the Court, or if the factual allegations (and/or exhibit) of his Amended Complaint fail to meet the requirements of M.C.L. 600.5866, this action should be dismissed with prejudice.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th

Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/Donald A. Scheer
                DONALD A. SCHEER
                UNITED STATES MAGISTRATE JUDGE

DATED: July 19, 2006

---

### CERTIFICATE OF SERVICE

I hereby certify on July 19, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 19, 2006. **None.**

                s/Michael E. Lang
                Deputy Clerk to
                Magistrate Judge Donald A. Scheer
                (313) 234-5217