UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT CAMPBELL,

                Plaintiff,              No. 05-CV-72292-DT

vs.                                      Hon. Gerald E. Rosen

WONDERLAND MUSIC COMPANY,

                Defendant.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING
PLAINTIFF'S COMPLAINT, WITH PREJUDICE

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     March 2, 2007

        PRESENT:  Honorable Gerald E. Rosen
                              United States District Judge

This matter is presently before the Court on the July 19, 2006 Report and Recommendation of U.S. Magistrate Judge Donald A. Scheer recommending that the Court (1) allow Plaintiff an opportunity to file a properly documented Amended Complaint which establishes that Plaintiff's cause of action accrued within the period of limitations, and (2) in the event that Plaintiff fails to provide the documentation necessary to avoid the bar of the statute of limitations, that the Court dismiss Plaintiff's complaint, with prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff Campbell has filed objections to the Report and Recommendation and has

submitted along with his objections a purported "amended complaint." However, the proposed amended complaint does not include the necessary documentation to avoid the bar of the statute of limitations.

Plaintiff's Complaint states that he repudiated an alleged $90,000.00 contract for the purchase of certain equipment for use in his music recording business and demanded the return of his payments on the equipment in "late 1996." He alleged in responding to the Defendant's Motion to Dismiss or for Summary Judgment that Defendant informed him by letter in "mid-2004" that it would be returning the $75,086.00 that he paid for the equipment. (It is Defendant's alleged failure to refund Plaintiff the $75,086.00 which gave rise to Plaintiff's Complaint in this action, which he filed on June 30, 2005.)

Because it would only be by virtue of this alleged mid-2004 letter that Plaintiff's Complaint might not be time-barred under the applicable statute of limitations,[1] the Magistrate Judge recommended that Plaintiff be granted an opportunity to provide the Court with a copy of this letter so as to bring his complaint within the period of limitations as provided in the tolling provisions of M.C.L. § 600.5866. This statute provides that "[n]o acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is

---

[1] Defendant argued for application of the 4-year statute of limitations provided in the Uniform Commercial Code. Plaintiff argued for application of Michigan's 6-year statute of limitations for breach of contract actions. Because the only breach alleged in Plaintiff's Complaint accrued in "late 1996," when he repudiated the contract and demanded refund of monies he paid, under either statute, Plaintiff's June 30, 2005 would be time-barred but for evidence in writing of an acknowledgment or promise which would revive the claim and bar the running of the period of limitations. *See* M.C.L. § 600.5866.

2

made by or the promise is contained in some writing signed by the party to be charged in the action." *Id.*

Plaintiff has not provided the Court with a copy of any such 2004 letter. Rather, all that he has provided are copies of receipts for payments he allegedly made on the equipment which are all dated 1996. No writing signed by Defendant whatsoever has been provided.

Plaintiff having failed to establish that his claim was revived in 2004 with a promise that his money would be refunded, the Court finds that Plaintiff's Complaint, which accrued in 1996, is time-barred.

For these reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of July 19, 2006 be, and hereby is, ADOPTED by the Court.

IT IS FURTHER ORDERED, for the reasons stated in the Report and Recommendation and the further reasons stated herein, that Plaintiff's Complaint be, and hereby is, DISMISSED, in its entirety, WITH PREJUDICE.

           s/Gerald E. Rosen
           Gerald E. Rosen
           United States District Judge

Dated: March 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2007, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager