UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT CAMPBELL,

                Plaintiff,                      No. 05-CV-72292-DT

vs.                                              Hon. Gerald E. Rosen

WONDERLAND MUSIC CO.,

                Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO REINSTATE COMPLAINT

         At a session of said Court, held in
         the U.S. Courthouse, Detroit, Michigan
         on     April 17, 2007

         PRESENT:  Honorable Gerald E. Rosen
                                United States District Judge

I. INTRODUCTION

This matter is presently before the Court on two motions filed by Plaintiff Dwight Campbell on March 19 and March 21, 2007[1] seeking reinstatement of his complaint, which the Court dismissed on March 2, 2007. Because the relief requested would effectively require the Court to reconsider and reverse its March 2, 2007 Memorandum Opinion and Order Adopting the Magistrate Judge's Report and Recommendation of July

---

[1] The March 19 Motion is captioned, "Plaintiff's Pro Se Motion as well as Brief to Reinstate Plaintiff's Complaint and for Appropriate Relief to be Granted." The March 21 Motion is captioned, "Plaintiff's Motion and Evidence to Reinstate Complaint."

19, 2007 and Dismissing Plaintiff's Complaint, with Prejudice, the Court construes Plaintiff's Motion as a motion for rehearing or reconsideration.

## II.  DISCUSSION

The grounds for the granting of motions for rehearing or reconsideration are set forth in Eastern District of Michigan Local Court Rule7.1(g)(3):

> **(h)  Motions for Rehearing or Reconsideration.**
>
> (3)  **Grounds**.  Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In the instant motion, Plaintiff seeks reconsideration of the Court's determination that Plaintiff's Complaint to recover $75,086.00 from Defendant Wonderland Music following his repudiation of an alleged $90,000.00 contract for the purchase of musical recording equipment was barred by the statute of limitations.

Plaintiff had argued in opposing Defendant's Motion to Dismiss that his Complaint was timely filed because "Defendant submitted a written sign [sic] letter dated Aug. 2004 stated [sic] it would return payments."  Based upon Plaintiff's assertions, Magistrate Judge Scheer recommended that

> Plaintiff be afforded a reasonable opportunity to submit an Amended Complaint containing specific allegations regarding the contents of the August 2004 letter signed by Defendant and delivered to Plaintiff.  A copy of the letter should be attached to the Amended Complaint.  If Plaintiff fails to file an Amended Complaint within the time allowed for objections to the

> report . . . or if the factual allegations (and/or exhibit) of his Amended Complaint fail to meet the requirements of M.C.L. 600.5866,[2] this action should be dismissed with prejudice.

[7/19/06 Report and Recommendation, p. 9]

On August 4, 2006, Plaintiff filed Objections to the Report and Recommendation, and did attach to those Objections some exhibits.[3] However, no letter from Wonderland dated August 2004 was among these exhibits. Plaintiff explained in his Objections that he no longer had such a letter because

> <u>Since the time of the defendant's letter, Plaintiff has been transferr[ed] to F.C.I. Petersburg, [and] the B.O.P. transport officers [] misplace[ed] some of Plaintiff[']s property, [and] the 2004 letter by Defendant was among the property that was misplaced.</u> In any event, the defendant did not fulfill it's [sic] promise which lead [sic; led] to the civil action filed in this court.

[Plaintiff's 8/4/06 Objection to Report and Recommendation, pp. 3-4 (emphasis added).

Because Plaintiff failed produce the alleged August 2004 letter to support the revival of his time-barred claim pursuant to M.C.L. § 600.5866, the Court dismissed Plaintiff's Complaint, with prejudice, as recommended by the Magistrate Judge.

Notwithstanding having previously stated in his Objections to the Report and Recommendation that he no longer had the August 2004 letter, Plaintiff now claims in

---

[2] M.C.L. § 600.5866 governs the tolling of statutes of limitations, and provides, in pertinent part, that "[n]o acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged in the action."

[3] Plaintiff captioned his objections as "Plaintiff's Amended Complaint/Objection to Report and Recommendation."

his March 19, 2007, Motion to Reinstate his complaint, that he submitted the letter in response to the R&R and suggested that the Court must have lost it:

> Plaintiff did indeed place the 2004 letter within the mail here at the federal prison, such letter clearly noting that Wonderland Music would be returning $75,086.00, therefore, I am asking this Court to please review its records with regard to the 2004 letter.

[*See* Plaintiff's 3/19/07 Pro Se Motion as well as Brief to Reinstate Plaintiff's Complaint, p. 1.]

Then on March 21, 2007, Plaintiff filed a second motion -- "Plaintiff's Motion and Evidence to Reinstate Complaint" -- in which Plaintiff stated,

> The attached letter, submitted to the Plaintiff by the defendant, was submitted to the Court following the report and recommendation by Mag. Donald A. Scheer, dated July 19, 2006, which among other request[s], he recommended that Plaintiff be given the opportunity to provide the documents necessary to avoid the bar of the statute of limitation.
>
> Due to this Court['s] dismissing the complaint, clearly [it] is shown [that] this Court did not receive the original photocopy of the attached letter which would have cure[d] the Court['s] concern of the question of limitation of the complaint. . . .

[*See* 3/21/07 Motion and Evidence to Reinstate Complaint.]

To this second motion, Plaintiff attached a document -- which Plaintiff claims is a letter from Defendant -- that is purportedly dated *July* 2004, not August 2004. *See id.* This letter not only appears to lack any indicia of authenticity,[4] but more importantly,

---

[4] The Michigan Supreme Court has instructed that any act or declaration intended to postpone the effect of the running of a statute of limitations is to be closely scrutinized. *See Glass v. Drieborg*, 296 Mich. 30 (1941). Guided by the Michigan Supreme Court's directive, the Court observes that the letter attached to Plaintiff's March 21, 2007 Motion

4

Plaintiff's assertions that he submitted it to the Court following Magistrate Judge Scheer's July 19, 2006 Report and Recommendation are directly contradictory to what he told the Court at the time -- i.e, that he no longer had the letter because it had been lost when he

---

is not on any kind of letterhead, does not bear the title (or legible name) of the person who purportedly signed it, and is replete with spelling, punctuation and formatting errors. The letter is reproduced here with the errors as they appear in the original:

                                  WONDERLAND MUSIC COMPANY
                                  OFFICE OF MANAGEMENT

DEAR MR CAMPBELL,

     THIS OFFICE IS AWARE OF YOUR CONCERNS,IN REGARDS TO THE MONIES WHICH YOU PROVIDED TOWARD THE 40 TRACK MIXING CONSOLE,AS WELL AS OTHER EQUIPMENT.  AS MENTION TO YOUR FATHER ROBERT CAMPBELL,THE COMPANY WILL RETURN $ 75,086.000 HOPEFULLY BY THE END OF THIS YEAR.

     IN YOUR PREVIOUS LETTER,YOUR INQURING WHETHER OR NOT THE EQUIPMENT YOU BROUGHT TO THE COMPANY IN EARLY 1996, FOR REPAIRS IS STILL POSSESSED BY THE COMPANY,INWHICHCASE, YOU WOULD LIKE FOR YOUR FATHER TO OBTAIN SUCH ITEMS.MR.CAMPBELL PLEAS ALLOW THIS OFFICE TO GET BACK TO YOU,WITHIN THE NEXT COUPLE OF WEEKS ON THIS ISSUE.
     FOR YOUR INFORMATION,THIS OFFICE DOES ACKNOWLEDGE YOUR ACCOUNT AND ASK THAT YOU PLEASE TAKE INTO CONSIDERATION THE REASON(S) FOR THE DELAYS WITH THE RETURN OF YOUR MONIES.

     I HOPE THIS INFORMATION HAS BEEN HELPFULL TO YOU

                                            TRULY YOURS

JULY 21, 2004                                       /s/ [illegible]

was transferred to a new correctional facility.[5]

Plaintiff cannot now obtain post-judgment relief by taking a position clearly inconsistent with his previous position. Plaintiff is effectively judicially estopped from doing so. *See New Hampshire v. Maine*, 532 U.S. 742, 749-751, 121 S.Ct. 1808, 1814-15 (2001); *Pennycuff v. Fentress County Bd. of Educ.*, 404 F.3d 447, 452-53 (6th Cir. 2005).[6]

## CONCLUSION

For all of the foregoing reasons,

---

[5] Plaintiff does not, and indeed, cannot, claim that this letter is newly discovered evidence. Plaintiff has been suing Wonderland Music for its failure to live up to this alleged promise to refund his money since 2002. *See Campbell v. Wonderland Music Co.*, 02-74072; *Campbell v. Wonderland Music Co.,* 03-70106; *Campbell v. Wonderland Music Co.*, 03-72218; *Campbell v. Wonderland Music Co.*, 03-72962. Furthermore, in response to a Magistrate Judge's recommendation that his complaint should be dismissed on statute of limitation grounds in Case No. 03-70106, Campbell argued, as he does here, that representatives of Wonderland made declarations and assurances recognizing the validity of his claim for refund of his money even though it was otherwise time-barred. The court noted in a supplemental report and recommendation in the 2003 case that Plaintiff's claim would not be recognized in the absence of a writing acknowledging the promise to pay signed by an agent of Wonderland. Notwithstanding having been expressly put on notice of the necessity of a writing in April 2003, Plaintiff never produced such a writing in objecting to the supplemental report and recommendation or in connection with any of the complaints filed thereafter, although he did append to his subsequent complaints copies of the same documents that he attached to his complaint in the instant action. This strongly suggests that no valid writing ever existed.

[6] Plaintiff is also cautioned that by presenting to the Court -- by signing, filing, submitting or advocating -- a pleading, motion or other paper, Plaintiff is certifying that the allegations and other factual contentions contained therein have evidentiary support and that the claims asserted are warranted by law, and if the Court determines this not to be so, Plaintiff may be sanctioned. *See* Fed. R. Civ. P. 11(b),(c). Plaintiff is further cautioned that presenting false evidence could subject him to criminal liability.

IT IS HEREBY ORDERED that Plaintiff's Motions to Reinstate his Complaint [Docket Nos. 22 and 23] are DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: April 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager